UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARK S. HUGHES,                        )
                                       )
        Petitioner,         )
                                       )
v.                                     )   No. 1:11-cv-351-JMS-DKL
                                       )
CRAIG HANKS,                           )
                                       )
        Respondent.         )

**Entry and Notice**

**I.**

Mark Hughes is confined in an Indiana state prison as the result of his conviction of various felonies in the Marion County Superior Court, Criminal Division, in No. CR 87-87F. Hughes seeks a writ of habeas corpus.

It is necessary at this point to unravel the development of the case just a bit. This is necessary in order to bring clarity to what is before the court and the matters which must be addressed.

**II.**

**A.**

Two motions are pending—the petition for writ of habeas corpus and the motion to consolidate. The two motions have some connection with each other.

**B.**

The 2254 motion for writ of habeas corpus [14] is denied as a separate petition for writ of habeas corpus, but will be considered in conjunction with the original petition for writ of habeas corpus.

In light of the foregoing, and because there is a single action for habeas corpus relief, the motion to consolidate cases [13] is **denied.**

### III.

The Entry issued on April 22, 2011, is **vacated.**

### IV.

#### A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. ' 2244(d)(1).

#### B.

Habeas petitioner Hughes shall have **through October 5, 2011,** in which show cause why this action should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). The circumstances noted below suggest that Hughes' petition for writ of habeas corpus docketed in this action could not be understood as having been timely filed. This may be raised by the court *sua sponte* in conjunction with its review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court. See Day v. McDonough,* 547 U.S. 198, 209 (2006) (holding that a district court is permitted to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition, but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").

In connection with the foregoing, Hughes is notified that:

1.  The court can and does take notice of its records from other litigation, including a prior habeas action brought by Mr. Hughes docketed as No. 1:04-cv-1781-LJM-WTL.

2.  The prior habeas action referenced above includes certain materials, among which are copies of decisions from the Indiana Court of Appeals in Hughes' direct appeal and affirming the trial court's denial of Hughes' petition for post-conviction relief.

3.  In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

4.     The one year limitation begins to run from the latest of: 1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which any state impediment to filing the petition was removed; 3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or 4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Pursuant to 28 U.S.C. § 2244(d)(2), time is tolled during the pendency of any properly filed application to the state for post-conviction relief.

5.     The Indiana Court of Appeals affirmed the denial of post-conviction relief in Hughes' case on December 10, 2001, in No. 49A04-105-PC-201. The habeas petition filed in this action was signed by Hughes on March 2, 2011. Apart from whatever time on the federal habeas clock may have passed before the petition for post-conviction relief was filed, and recognizing that the one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court he running of the statute of limitations, *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002)(citing 28 U.S.C. § 2244(d)(2)), far more than one (1) year passed between the conclusion of the post-conviction action and the date the habeas petition in this action was signed.

**IT IS SO ORDERED**.

Date:  _09/12/2011_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark S. Hughes
DOC #894549
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362