UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARK S. HUGHES, | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-351-JMS-DKL |
| CRAIG HANKS, | ) |
| Respondent. | ) |

## Entry Discussing Amended Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the amended petition of Mark S. Hughes for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### The Petition for Writ of Habeas Corpus

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. ' 2244(d)(1). Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. ' 2244(d)(1)(A).

The Indiana Court of Appeals affirmed the denial of post-conviction relief in Hughes= case on December 10, 2001. The habeas petition filed in this action was signed by Hughes on March 2, 2011. Apart from whatever time on the federal habeas clock may have passed before the petition for post-conviction relief was filed, and recognizing that the one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court, *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002)(citing 28 U.S.C. ' 2244(d)(2)), far more than one (1) year passed between the conclusion of the post-conviction action and the date the habeas petition in this action was signed.

A[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court.@ *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Hughes has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Hughes has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/06/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana